# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>DAVE AND BUSTER'S ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No. 1:26-cv-04248-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>**FOURTEEN-DAY DEADLINE** |

On June 3, 2026, Plaintiff Joseph Allen, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Dave and Buster's Entertainment, Inc., Jason Del Campo, Michael Loya, Elizabeth Ybarra, Robert Jenkins, KD Hamilton, and Michael Rangel. (ECF No. 1.) As relevant here, on August 28, 2026, the Court screened the complaint and found that it failed to allege a basis for subject-matter jurisdiction. (ECF No. 6.) The Court gave Plaintiff 30 days to file an amended complaint to cure the identified deficiencies. (Id.) The time to file an amended complaint has passed, and Plaintiff has failed to file anything on the docket. Therefore, the Court will issue findings and recommendations recommending dismissal of this action for lack of subject-matter jurisdiction, failure to prosecute, and failure to comply with a court order.

/ / /

/ / /

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

/ / /

/ / /

/ / /

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is Joseph Allen, founder and director of Central Valley Prospects ("CVP"), "one of the fastest-growing high school girls' basketball programs in the United States." (ECF No. 1, ¶ 4.) CVP provides services to families of selected students at no cost, including over 70 full-ride scholarship offers secured. (Id.) CVP has built over 30 brand partnerships and has hosted two major showcases. (Id.) This case involves an alleged contractual agreement between Plaintiff and Dave and Buster's, Fresno ("D&B"). (Id. at ¶ 2.) Essentially, beginning in or around 2023, "[Plaintiff] entered into a commission agreement with Dave and Buster's Fresno, documented in email and text message communications, whereby [Plaintiff] would receive a 20% commission credited toward future bookings in exchange for referring parties, groups, and events to the venue." (Id. at ¶ 18.) Plaintiff alleges that this agreement was approved by General Manager Jason Del Campo and confirmed in writing by Elizabeth Ybarra. (Id.) Plaintiff asserts that the agreement was honored at least once in November 2024. (Id. at ¶ 20.) Yet, following this, D&B would refuse to honor it again. (Id.)

On April 30, 2025, Michael Loya, Events Sales Manager at D&B, observed that Plaintiff had referred groups and events to D&B and that D&B would be "happy to offer your groups exclusive discounts and promotions to go beyond our standard offerings." (Id. at ¶ 21.) Plaintiff alleges that this was confirmed by three other employees who emailed with Plaintiff regarding this understanding. (Id.) This included an email from Ybarra who clarified that pricing and add-ons offered for CVP could not be extended to Plaintiff's partners, but D&B could put something together "for them as your referral once reviewed." (Id. at ¶¶ 3, 23.) Plaintiff notes that Loya's email did not contain any mention of the commission agreement. (Id. at ¶ 22.)

Plaintiff alleges that at one time he directed approximately $40,000 in business to D&B but was never given his commission of $8,000. (Id. at ¶¶ 24, 25.) Plaintiff states that Ybarra and Robert Jenkins told Plaintiff that "they had assumed I was helping them out of goodwill." (Id. at ¶ 25.)

In addition, Plaintiff describes how he directed more than $150,000 of business to D&B. (Id. at ¶ 26.) Per Plaintiff's calculations, he was owed no less than $18,000 per his commission. (Id. at ¶ 27.) Moreover, Plaintiff notes that he also provided items to D&B for use as event giveaways and promotions, as well as placing advertising for D&B on every camper jersey distributed to participating children. (Id. at ¶ 28.) "Over the full course of our relationship, my organization hosted over two dozen youth outings at Dave and Buster's Fresno, held commitment parties, including one broadcast live on Fox and ABC30, organized launch parties, and held anniversary events at the venue." (Id. at ¶ 30.)

On March 29, 2025, CVP hosted its post-showcase celebration at D&B with over 300 planned attendees. (Id. at ¶ 31.) Plaintiff arranged and paid for hotel accommodations for traveling attendees out of pocket. (Id.) D&B was allegedly prepared for only 50 people. (Id. at ¶ 32.) Due to the lack of preparation, over half of attendees left upset and disappointed. (Id.)

Following Plaintiff trying to enforce the commission agreement and raising concerns regarding the March 29, 2025 event, D&B "refused all future bookings and event requests for [CVP] at their Fresno location. No reason was provided. No conversation was offered. Every email I sent was ignored." (Id. at ¶ 34.) Plaintiff asserts that CVP lost a signature venue. (Id. at ¶ 35.)

On June 3, 2026, Plaintiff filed a complaint bringing five causes of action: 1) breach of contract; 2) fraud and fraudulent misrepresentation; 3) promissory estoppel; 4) intentional interference with prospective business relations; and 5) unjust enrichment. (Id. at pp. 10-12.) For damages, Plaintiff seeks $1,320,500 in damages, including $990,000 in punitive damages. (Id. at pp. 12-13.)

## III.

## DISCUSSION

### A. Subject-Matter Jurisdiction

Based on the complaint, the Court is unable to determine whether it has subject-matter jurisdiction over the matter. For Plaintiff's benefit, the Court previously discussed the subject-matter limitations in the federal district courts (see ECF No. 6) and discusses it again herein.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. See id. Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

From the complaint, it is unclear whether Plaintiff intends to invoke federal question or diversity jurisdiction. Indeed, on the civil cover sheet, Plaintiff checked both federal question and diversity as a basis for jurisdiction. (ECF No. 1, p. 18.) Thus, for Plaintiff's benefit, the Court again outlines and analyzes both.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1332. For example, if a citizen of New York sues a citizen of California for $75,001, a federal court would have subject-matter jurisdiction to hear that claim. Complete diversity of citizenship occurs when no plaintiff and defendant are domiciled in the same state.

Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331. Federal question jurisdiction requires that the federal question appears on the face of a well pleaded complaint, is a substantial component of the complainant's claim, and is of significant federal interest. Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury.[1]

[1] Additionally, the Court notes that 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts. It allows a federal court to hear a claim over which it does not have independent subject-matter jurisdiction if the claim is related to a claim over which the federal court does have independent jurisdiction, such as federal question jurisdiction.

Without a federal cause of action, or otherwise meeting diversity requirements, a federal district court would be unable to hear a matter because it would be without subject-matter jurisdiction.[2]

The Court finds that Plaintiff has not alleged a basis for either federal question or diversity jurisdiction. To begin with, all of Plaintiff's claims derive from California law, which means there is no federal law implicated in this case. See, e.g., Santana v. Studebaker Health Care Center, LLC, 120 Cal. App. 5th 1, 11-12, 343 Cal. Rptr. 3d 480 (Cal. Ct. App. 2026) (discussing elements of a contract under California law); Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990, 102 P.3d 268 (Cal. 2004) (outlining elements of fraud and fraudulent misrepresentation); Garcia v. World Savings, FSB, 183 Cal. App. 4th 1031, 1040-41, 107 Cal. Rptr. 3d 683 (Cal. Ct. App. 2010) (discussing elements of promissory estoppel); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153-54, 63 P.3d 937 (Cal. 2003) (discussing elements of intentional interference with prospective economic advantage); Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc., 29 Cal. App. 5th 230, 238, 239 Cal. Rptr. 3d 908 (Cal. Ct. App. 2018) (discussing elements of unjust enrichment). Without federal law being implicated, there is no basis for federal question jurisdiction.

Turning to diversity jurisdiction, Plaintiff has alleged that he and all Defendants are citizens of the State of California. (ECF No. 1, ¶¶ 8-15.) This is further demonstrated by the fact that on the civil cover sheet, Plaintiff has indicated that both Plaintiff and Defendants are citizens of California. (Id. at p. 18.) Without complete diversity, there is no basis for diversity jurisdiction. Again, all plaintiffs need to be diverse from all defendants in order to satisfy this jurisdictional requirement. See 28 U.S.C. § 1332.

Therefore, it does not appear that the Court has subject-matter jurisdiction over the action, and it should be dismissed.

/ / /

/ / /

[2] In contrast, the California Superior Court is a trial court of general jurisdiction, not subject to the limitations outlined herein. See Berry v. Pacific Sportfishing, Inc., 372 F.2d 213, 215 (9th Cir. 1967); Cal. Const. art. VI, § 10.

## IV.

## FAILURE TO PROSECUTE

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly, Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order, and the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted. The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. Given Plaintiff

has failed to respond to the Court's August 28, 2026 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges"). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). The Court will recommend that the instant dismissal be a dismissal without prejudice, especially given that there does not appear to be subject-matter jurisdiction, which addresses the fifth factor.

This case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order warrants the sanction of dismissal without prejudice under the circumstances.

**V.**

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed herein, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for lack of subject-matter jurisdiction, failure to prosecute this action, and/or failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."

Objections, if any, shall not exceed **fifteen (15) pages**. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge